**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | | |
|---|---|---|
| RICHARD TREVINO, | | |
| Plaintiff, | | No. C14-4051-MWB |
| vs. | | |
| WOODBURY COUNTY JAIL, LIEUTENANT PHILLIPS, CARLOS LNU, UNITED STATES MARSHALS SERVICE, | | **REPORT AND RECOMMENDATION ON UNITED STATES MARSHALS SERVICE'S MOTION TO DISMISS** |
| Defendants. | | |

## I.    INTRODUCTION

Plaintiff Richard Trevino (Trevino) commenced this lawsuit in the Northern District of Texas on June 25, 2014.  His pro se complaint (Doc. No. 2) and addendum (Doc. No. 7) name as defendants the Woodbury County Jail (Jail), Lieutenant Phillips (Phillips), Officer Carlos Last Name Unknown (Carlos) and the United States Marshals Service (USMS).  Trevino claims that his constitutional rights were violated while he was incarcerated at the Jail and further contends that the defendants violated Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12133.[1]  He seeks compensatory and punitive damages.

---

[1] Trevino cites "42 U.S.C. Sections 1231 Et. Seq., of the Americans with Disabilities Act of 1990."  Doc. No. 7 at 1.  Because pro se complaints are to be construed liberally, *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006), I will assume Trevino intended to reference 42 U.S.C. §§ 12131-12133.

The case was transferred to the Northern District of Iowa on July 1, 2014.  Doc. No. 6.   On October 17, 2014, USMS filed a motion (Doc. No. 11) to dismiss in which it requests dismissal of all claims against it.  Trevino did not file a resistance.[2]

The Honorable Mark W. Bennett has referred USMS's motion to dismiss to me for the preparation of a report and recommended disposition.  No party has requested oral argument and, in any event, I find that oral argument is not necessary.  *See* N.D. Ia. L.R. 7(c).  The motion is now fully submitted.

## II.     TREVINO'S FACTUAL ALLEGATIONS

Trevino alleges the following facts:

On September 10, 2012, USMS transported Trevino to the Jail for confinement after he was charged in the Northern District of Iowa with conspiracy to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime.[3] Trevino was housed at the Jail from September 10, 2012, until February 25, 2014. Throughout this time, he suffered from a spinal disease that confined him to a wheelchair and also caused incontinence, thus requiring his use of diapers.

The USMS Deputy who escorted Trevino to the Jail forcibly removed his religious jewelry and threw it into the garbage, along with Trevino's legal paperwork.  Once at the Jail, due to the lack of handicap accessible or suitable facilities, Trevino was placed in solitary confinement.  The furniture in his cell was inadequate for an inmate with significant physical disabilities.  The bed had no guard rails to prevent him from falling, nor did it have a "jungle gym" apparatus to enable him to independently transport himself

---

[2] A pro se litigant generally is not excused from complying with procedural rules.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Because Trevino failed to resist the motion, it could be granted on that basis alone.  *See* Local Rule 7(f) ("If no timely resistance to a motion is filed, the motion may be granted without notice.").  However, because the motion seeks relief that would terminate the case as to USMS, I will address its merits.

[3] Trevino's criminal case was this court's case number 12-CR-4085-MWB (the Criminal Case).

to and from his wheelchair. Thus, he had to rely on Jail staff to move him. Further, the toilet in his cell did not have guard rails to help him transfer himself onto the toilet or balance once there, effectively depriving him from using the toilet without assistance. The showers at the Jail did not have a seat, railing or other handicap accommodations. Nor were there secured chairs, benches, tables or furniture that Trevino could use.

Trevino's cell did not have an emergency call button, meaning that in order for Trevino to receive assistance he had to yell for help. Jail staff generally ignored him and then only responded after multiple requests for help. Eventually, when Jail staff did communicate with him or come to assist him, Trevino was harassed and his special needs were disregarded. Specifically, Jail staff refused to give him clean clothes or showers for a week at a time and failed to provide a sealed container in the cell for his soiled diapers. Trevino was forced to pile the soiled diapers in the corner of his cell which created a stench that other inmates and Jail staff could smell. Jail staff, including Carlos and a nurse, made negative remarks about the stench, causing Trevino embarrassment.

Trevino was not allowed contact with other inmates and was generally isolated from others because of his disability. He was denied access to the same programs as other inmates and was not allowed to communicate with them. He was not placed in general population, despite the fact that his disabilities did not pose a security risk or danger. Additionally, Trevino's mother passed away while he was confined and he was denied clergy or proper grief counseling for over four months.

As a result of his isolation, Trevino became depressed and intentionally cut himself. He was then placed in an unclean rubber-padded cell and was provided only a mat and blanket. Despite being in USMS custody, Trevino rarely spoke with USMS employees and saw them only when being transported to court hearings.

## III.    ANALYSIS

Defendant USMS raises the following arguments in requesting dismissal:

   a.  Trevino's claims are frivolous within the meaning of the
       *in forma pauperis* statute.

   b.  Trevino has failed to state a claim upon which relief may
       be granted because:

       i.  The United States is immune from suit for the acts
           alleged.

       ii. Trevino failed to exhaust administrative remedies.

       iii. Trevino's claims are moot.

The first argument arises under 28 U.S.C. § 1915.   The other arguments are made pursuant to Federal Rule of Civil Procedure 12(b)(6).   I will address each separately.

### A.    *Is Trevino's Action Frivolous?*

### 1.    *Applicable Standards*

28 U.S.C. § 1915 governs lawsuits filed by prisoners *in forma pauperis*.  It states, in relevant part, that "the court shall dismiss the case at any time if the court determines that... the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).  An action is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Schon v. Schumacher*, No. C13-4049-MWB, 2013 WL 3479417, at *1-2 (N.D. Iowa July 11, 2013).  Frivolousness, when applied to a complaint, embraces both inarguable legal conclusions and fanciful factual allegations. *Neitzke*, 490 U.S. at 325.

Section 1915 is designed largely to discourage the waste of judicial and private resources on baseless lawsuits that paying litigants generally do not initiate because of the cost and threat of sanctions under Rule 11. *Id*. at 327.   The statute gives courts the "authority to not only dismiss a claim based on an indisputably meritless legal theory,

but also the power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

Examples of the factual frivolousness class are claims describing fantastic, fanciful or delusional scenarios. *Id.* at 325, 328. The Supreme Court has noted:

> As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegation might be "strange, but true; for truth is always strange, Stranger than fiction." Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977).

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The complaint's factual allegations must be weighed in favor of the plaintiff. *Id.* at 32. However, a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Id.*

Examples of the legal frivolousness class are claims against which it is clear that the defendants are immune from suit. *Neitzke,* 490 U.S. at 327. However, a complaint is not automatically frivolous within the meaning of Section 1915(d) because it fails to state a claim pursuant to Federal Rule 12(b)(6). *Id.* at 326-328, 331. A complaint filed *in forma pauperis* which fails to state a claim under Rule 12(b)(6) may nonetheless have "an arguable basis in law" precluding dismissal under Section 1915(d). *Id.* at 328. Section 1915 refers to a more limited set of claims than Rule 12(b)(6). *Id.* at 329. Congress's over-arching goal in enacting the pro se statute was to assure equality of consideration for all litigants. *Id.* at 329 (*citing Coppedge v. United States*, 369 U.S. 438, 447 (1962)). To conflate the standards of frivolousness and failure to state a claim, would thus deny indigent plaintiffs the practical protections against unwarranted dismissal generally accorded paying plaintiffs under the Federal Rules. *Id.* at 330.

## 2.    Discussion

On August 28, 2014, I entered an initial review order (Doc. No. 8) that included the following finding:

> It appears unlikely that the plaintiff states a viable constitutional claim under 42 U.S.C. § 1983 against any of the named defendants. *See Alexander v. Hedback*, 718 F.3d 762, 765-67 (8th Cir. 2013). Nevertheless, the court is unable to determine as a matter of law whether the plaintiff's complaint is frivolous, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). Consequently, the court is of the opinion that the matter is best addressed after receipt of an answer or any dispositive motion deemed appropriate. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Money v. Moore*, 877 F.2d 9, 10 (8th Cir. 1989).

Doc. No. 8 at 2-3. Having reviewed USMS's arguments, I conclude that my prior finding still holds true. As I will discuss further, *infra,* Trevino's claims – as asserted against USMS – ultimately fail. This does not mean, however, that the entire complaint should be dismissed as a frivolous filing under Section 1915. Other defendants are named, as well. They have not sought dismissal on grounds that Trevino's claims against them are frivolous but, instead, have filed a separate motion (Doc. No. 12) for summary judgment in which they contend those claims fail on the merits.

Rather than declaring the entire complaint to be frivolous, I find that it is appropriate to consider the merits of the specific arguments presented in both motions. As such, I recommend that USMS's motion to dismiss the complaint as frivolous pursuant to Section 1915 be denied.

## B.    Does Trevino State a Claim Against USMS Upon Which Relief May Be Granted?

### 1.    Applicable Standards

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n. 4 (8th Cir. 2010)). While *factual* "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir.

2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927 (N.D. Iowa 2014).

In deciding a motion brought pursuant to Rule 12(b)(6), the court may consider certain materials outside the pleadings, including (a) "the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003)), and (b) "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Thus, the court may "consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller*, 688 F.3d at 931 n.3 (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

Finally, when a complaint does not state a claim for relief that is plausible on its face, the court must consider whether it is appropriate to grant the pleader an opportunity to replead. The rules of procedure permit a party to respond to a motion to dismiss by amending the challenged pleading "as a matter of course" within twenty-one days. *See* Fed. R. Civ. P. 15(a)(1). Thus, when a motion to dismiss highlights deficiencies in a pleading that can be cured by amendment, the pleader has an automatic opportunity to do so. When the pleader fails to take advantage of this opportunity, the question of whether to permit an amendment depends on considerations that include "whether the pleader chose to stand on its original pleadings in the face of a motion to dismiss that identified the very deficiency upon which the court dismissed the complaint; reluctance to allow a pleader to change legal theories after a prior dismissal; whether the post-dismissal amendment suffers from the same legal or other deficiencies as the dismissed pleading;

and whether the post-dismissal amendment is otherwise futile." *Meighan v. TransGuard Ins. Co. of Am., Inc.*, 978 F. Supp. 2d 974, 982 (N.D. Iowa 2013).

### 2. Discussion of USMS's Arguments

#### a. Are Trevino's Claim Barred By Sovereign Immunity?

Trevino claims that all defendants, including USMS, are liable for alleged violations of his constitutional rights and his rights under the ADA. However, the United States enjoys sovereign immunity and, therefore, cannot be sued without the express consent of Congress. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). This means a federal agency – such as USMS – is protected by sovereign immunity absent an expressly Congressional waiver of that immunity. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Trevino points to no Congressional act, nor have I located one through independent research, abrogating USMS's immunity from suit for claimed violations of constitutional rights or rights established by the ADA.

Constitutional violations by federal officials may be redressed in a *Bivens* action, which takes its name from *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and is analogous to an action against state or local officials pursuant to 42 U.S.C. § 1983. *See, e.g., Taylor v. IRS,* 915 F. Supp. 1015, 1019 (N.D. Iowa 1996). Because of sovereign immunity, however, a *Bivens* action may be maintained only against individual defendants, not against the federal government or its agencies. *Meyer*, 510 U.S. at 485-86; *see also Hartje v. FTC,* 106 F.3d 1406, 1408 (8th Cir. 1997); *Schutterle v. United States*, 74 F.3d 846, 848 (8th Cir. 1996). Here, Trevino does not assert claims against any USMS officer or employee. Instead, he has named the agency itself. Because Trevino has no right to pursue an action against USMS for the alleged violation of his constitutional rights, I recommend that all such claims be dismissed as to USMS.

The same result holds true with regard to Trevino's ADA claims. While the Eighth Circuit Court of Appeals has not had the opportunity to determine whether Title II of the ADA authorizes actions against the federal government, the statute itself indicates that it does not. *See* 42 U.S.C. § 12131(1) ("the term 'public entity' means... any State or local government" or "any department, agency, special purpose district, or other instrumentality" thereof). For this reason, federal courts have held that Congress did not intend to authorize actions against federal agencies under Title II. *See, e.g., Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000), *Marlin v. Raper*, No. 2:06CV0004 SWW/BD, 2007 WL 779710, at *6 (E.D. Ark. March 13, 2007), *Whooten v. Bussanich*, No. Civ. 4:CV-04-223, 2005 WL 2130016, at *7 (M.D. Penn. September 2, 2005). Because Trevino has no right to pursue an action against USMS under the ADA, I recommend that his ADA claims be dismissed as to USMS.[4]

My conclusion that USMS is immune from the claims Trevino asserts will require USMS's dismissal from this action. However, because this is a report and recommendation, subject to Judge Bennett's review, I will briefly address USMS's alternative arguments for dismissal.

### b.     Did Trevino Exhaust His Administrative Remedies?

The Prisoner Litigation Reform Act, 42 U.S.C. § 1997e (PLRA), governs actions regarding prison conditions brought under Section 1983 or any other federal law. 42 U.S.C. § 1997e(a). PLRA requires that all prisoner-plaintiffs bringing actions regarding prison conditions must first exhaust all administrative remedies available prior to bringing a lawsuit. *Id.* Failure to exhaust all administrative remedies is grounds for mandatory dismissal. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

---

[4] USMS's immunity from the claims Trevino asserts makes it highly unlikely that he could cure his defective claims by amendment. Thus, I recommend dismissal with prejudice.

Here, USMS relies on evidence outside the pleadings – an affidavit that references a review of records – to argue that Trevino failed to exhaust administrative remedies. *See* Doc. No. 11-1 at 10; Doc. No. 11-2. Although USMS filed a motion to dismiss, not a motion for summary judgment, it contends the court is entitled to consider this evidence in determining whether Trevino complied with PLRA. USMS cites one case, from the Tenth Circuit Court of Appeals, in support of this argument. Doc. No. 11-1 at 10 n.5. In that case, however, the court concluded that the district court had properly converted a motion to dismiss into a motion for summary judgment because outside materials were submitted. *Ketchum v. Cruz*, 961 F.2d 916, 919 (10th Cir. 1992). The court then found that the district court had erred "because it did not notify plaintiff of his right to reply to the court's transmutation of defendant's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment." *Id.* at 920. The court nonetheless affirmed, finding the error to be harmless because the plaintiff's pro se complaint was frivolous. *Id.*

*Ketchum* does not support USMS's argument that an affidavit describing the results of a records review can properly be considered in deciding a motion to dismiss under Rule 12(b)(6). I could consider outside evidentiary materials only by converting USMS's motion into a motion for summary judgment and giving Trevino an opportunity to submit pertinent materials. *See* Fed. R. Civ. P. 12(d).[5] I conclude, however, that it is unnecessary to consider the PLRA exhaustion issue, and thus convert USMS's motion into a motion for summary judgment, because USMS enjoys sovereign immunity with

---

[5] Which states:

> (d) *Result of Presenting Matters Outside the Pleadings*. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

regard to Trevino's claims. I recommend that USMS's request for dismissal on grounds that Trevino failed to exhaust administrative remedies be denied as moot.

### c.     *Are Trevino's Claims Moot?*

USMS notes that Trevino is now in the custody of the Bureau of Prisons, housed at FCI Fort Worth, Texas. It argues that to the extent Trevino seeks a declaratory judgment or injunctive relief based on conditions at the Jail, his claims are moot. Even assuming this argument to be correct, I see no indication in Trevino's filings that he seeks a declaratory judgment or any form of injunctive relief. The "relief sought" portion of his complaint describes only actual and punitive damages. Doc. No. 2 at 4. Nor does his addendum indicate that he seeks anything other than money. Doc. No. 7.

USMS does not argue that Trevino's claims for money damages are moot. Because USMS's mootness arguments address relief that Trevino does not seek, I find them to be inapplicable. I recommend that USMS's request for dismissal on grounds that Trevino's claims are moot be denied.

## IV.     CONCLUSION AND RECOMMENDATION

For the reasons set forth herein, I RESPECTFULLY RECOMMEND defendant USMS's motion (Doc. No. 11) to dismiss be **granted** and that all claims asserted against USMS in this action be **dismissed with prejudice**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal

from the findings of fact contained therein.  *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 7th day of January, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE