# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| RICHARD TREVINO,<br><br>Plaintiff,<br>vs.<br><br>WOODBURY COUNTY JAIL, LIEUTENANT PHILLIPS, CARLOS LNU, UNITED STATES MARSHALS SERIVCE,<br><br>Defendants. | No. C14-4051-MWB<br><br>ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT UNITED STATES MARSHALS SERVICE'S MOTION TO DISMISS |

_____

## I. INTRODUCTION AND BACKGROUND

On June 25, 2014, plaintiff Richard Trevino filed a *pro se* complaint in the Northern District of Texas. In his complaint, Trevino, an inmate at Federal Correctional Institute Fort Worth, names as defendants the Woodbury County Jail ("the Jail"), Lieutenant Phillips, Officer Carlos Last Name Unknown, and the United States Marshals Service ("the USMS'). Trevino claims that defendants violated his constitutional rights while he was incarcerated at the Jail and that defendants violated Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12133.

This case was referred to United States Magistrate Judge Leonard T. Strand pursuant to 28 U.S.C. § 636(b)(1)(B). On October 17, 2014, the USMS filed a motion to dismiss in which it seeks dismissal of all claims against it. In its motion, the USMS argues that: (1) Trevino's claims are frivolous within the meaning of the *in forma pauperis* statute, 28 U.S.C. § 1915; and (2) Trevino has failed to state a claim upon which relief may be granted because the United States is immune from suit, Trevino

failed to exhaust administrative remedies, and Trevino's claims are moot. Trevino did not file a resistance.

Judge Strand issued a Report and Recommendation in which he recommends granting the USMS's motion to dismiss. Judge Strand found that he was unable to determine as a matter of law that Trevino's complaint is frivolous. Thus, he recommends that the USMS's motion to dismiss the complaint as frivolous, pursuant to § 1915, be denied. Report and Recommendation at 6. However, Judge Strand further concluded that the USMS was protected by sovereign immunity. Thus, Judge Strand concluded that the USMS was immune from Trevino's claims and recommended that the USMS's motion to dismiss be granted. Report and Recommendation at 10. Judge Strand also concluded that it was unnecessary to consider the USMS's argument that it was entitled to dismissal on the ground that Trevino failed to exhaust administrative remedies. Because the USMS enjoys sovereign immunity with regard to all of Trevino's claims, Judge Strand recommends that this ground be denied as moot. Finally, Judge Strand concluded that Trevino's claims for money damages were not moot because of his transfer to the Bureau of Prisons. Therefore, he recommends that the USMS's motion to dismiss the complaint as moot be denied. No objections to Judge Strand's Report and Recommendation have been filed.

## II. *LEGAL ANALYSIS*

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further

2

>   evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); see FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed, and it appears to me, upon review of Judge Strand's findings and conclusions, that there is no ground to reject or modify them. Therefore, I accept Judge Strand's Report and Recommendation on the USMS's motion to dismiss.

### *III.    CONCLUSION*

I accept Judge Strand's Report and Recommendation and, therefore, grant the USMS's motion to dismiss. All of plaintiff Trevino's claims against the USMS are dismissed.

**IT IS SO ORDERED**.

**DATED** this 30th day of January, 2015.

                                                                                   */s/ Mark W. Bennett*
                                                                                   _____
                                                                                   MARK W. BENNETT
                                                                                   U.S. DISTRICT COURT JUDGE
                                                                                   NORTHERN DISTRICT OF IOWA